IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ROMAN SEBASTIAN MONZON,**

    Plaintiff,

v.                                                                                     Civil Action No. **3:23CV694**

**SHERRIE HATCH,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Roman Sebastian Monzon, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action. The matter is now before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Monzon's claims and the action will be dismissed for failure to state a claim and as legally frivolous.

### I.     PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A

Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act

as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ALLEGATIONS AND CLAIMS

In his Complaint, Monzon names the following individuals as Defendants: Sherrie Hatch, Kay Harvey, and Carrie Taylor, who work in the business office of Sussex I State Prison ("SXI"); April Williams, a case management counselor at SXI; and Kevin McCoy, the Warden of SXI. (ECF No. 1, at 1–2.)[1] Monzon alleges as follows:

> 9. It is the current policy at SXI that for an inmate such as Plaintiff to obtain legal photocopies, the inmate must first submit a request form to their case counselor for legal photocopies as well as a money withdrawal form stating the amount of money to be paid for the copies which are provided at a rate of $0.10 USD per page, and once those documents are submitted, the inmate must wait for the SXI business office to process the money withdrawal form, bill the inmate for the copies, and notify the counselor that he/she may move forward to produce the copies for the inmate.
> 10. Defendant Williams, Plaintiff's case counselor, stated that the foregoing policy surrounding legal photocopy procurement at SXI was created by Defendant McCoy.
> 11. As a result of Defendant McCoy's policy, it often takes Plaintiff a month or more to receive legal photocopies.
> 12. On one occasion, on May 5th, 2023, Plaintiff submitted a request form and money withdrawal form for $3.20 of legal photocopies to Defendant Williams, but was not billed for those copies until June 8th, 2023, and he was billed $5.20 instead of $3.30 for unknown reasons but still never received the copies he requested.
> 13. On another occasion, on August 2nd, 2023, Plaintiff submitted a request form and money withdrawal form for $0.40 of legal photocopies to Defendant Williams and was refused his legal copies even after being billed for them because, according to Defendant Williams, Defendant Taylor stated in an email that Plaintiff was already provided his legal copies. This statement was false and was made in reference to $0.60 which Plaintiff paid for copies of his trust fund account statement for the six-month period immediately preceding the filing of the complaint in the

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling, punctuation, and capitalization in the quotation from Monzon's submissions.

3

case of *Monzon v. Cullen*, Case No. JRR-23-1825, U.S. Dist. Court for the Dist. Of Maryland, Northern Division.

14. Plaintiff has a right to legal photocopies in connection with his active conditions of confinement litigation under his First Amendment right to access the courts.

15. Plaintiff is subject to being placed under court-imposed deadlines as short as seven days (such as when filing rebuttal brief), and under the current policy for legal photocopy procurement, created and imposed upon him by Defendant McCoy, Plaintiff is likely to miss such a deadline, which would likely be an actual injury to him. Therefore, Defendant McCoy's actions threaten to violate Plaintiff's First Amendment right of access to the courts by impeding Plaintiff's litigation and causing him actual injury.

16. Due to the above-described problems with procuring legal photocopies in a timely manner at SXI, Plaintiff has been forced on numerous occasions to handwrite his own copies or to send documents to his family for copying.

17. VDOC OP 802.2, Offender Finances states that inmates are to be provided access to legal photocopy services until they are in debt for $50.00 USD worth of such services, at which point a court order will be required for them to receive further copies.

18. At River North Correctional Center, a correctly run VDOC facility, case counselors require inmates to submit money withdrawal forms and request forms for legal copies, and once those two documents are submitted, the inmate his provided his copies and the money withdrawal form is forwarded to the business office for processing. In summary, as quickly as case counselors can provide legal photocopies is how quickly inmates receive them.

19. There is no legitimate penological interest in requiring inmates to wait for the SXI business office to process money withdrawal forms and to notify case counselors before they receive their legal photocopies because the VDOC already imposes as fifty-dollar limit on the debt each inmate may accumulate for legal photocopy services. *See* VDOC Operating Procedure 802.2

20. Defendant Williams is actively participating in the policy created by and imposed upon Plaintiff by Defendant McCoy and is therefore threatening to violate Plaintiff's First Amendment right to access to the courts by impeding Plaintiff's litigation and causing him actual injury.

21. Defendants Bellamy, Taylor, Garvey, and Hatch are employees of the VDOC in the business office of SXI and are directly involved in the legal photocopy procurement process, therefore, they are actively participating in the policy created by and imposed upon Plaintiff by Defendant McCoy and are threatening Plaintiff's First Amendment right to access to the courts by impeding Plaintiff's litigation and causing him actual injury.

22. Defendant McCoy, by creating and imposing upon Plaintiff the above-described legal photocopy procurement policy, is threatening to violate Plaintiff's First Amendment right of access to the courts by impeding Plaintiff's litigation and causing him actual injury.

(ECF No. 1, at 2–4.) Monzon requests injunctive relief ordering Defendants "to modify [the] policy concerning legal photocopy services" so that Monzon "receives his legal photocopy services within twenty-four hours of making a request for such services." (*Id.* at 5.)

### III. ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of Monzon's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). Monzon's Complaint will be dismissed for failing to state a claim for relief and as legally frivolous.

In order to plead a claim that he was denied access to the courts,[2] a plaintiff must identify with specificity a non-frivolous legal claim that the defendants' actions prevented him from litigating. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 353 n.3 (1996). This requires the "inmate [to] come forward with something more than vague and conclusory allegations of inconvenience or delay in his instigation or prosecution of legal actions." *Harrell v. Fields*, No. 3:07CV263, 2008 WL 110473, at *2 (E.D. Va. Jan. 8, 2008) (quoting *Godfrey v. Washington Cnty., Va., Sheriff*, No. 7:06-cv-00187, 2007 WL 2405728, at *13 (W.D. Va. Aug. 17, 2007)).

---

[2] The Supreme Court has indicated the right of access to the courts sounds in both the First Amendment and the Due Process Clause of the Fourteenth Amendment. *See Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741 (1983) ("[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances." (citation omitted)); *see also Wolff v. McDonnell*, 418 U.S. 539, 579 (1974) ("The right of access to the courts . . . is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights."). The Court need not engage in a discussion of which amendment applies here, because Monzon's claims lack merit.

As a preliminary matter, Monzon repeatedly indicates that Defendants are "threatening to violate" his rights with respect to his access to the courts and that the photocopying policy makes him "likely" to miss a deadline, "which would likely be an actual injury to him." (*See, e.g.*, ECF No. 1 ¶¶ 15, 20–22.) Monzon's allegations are based on nothing more than speculation and conjecture and he has not identified any actual injury. *See Iqbal*, 556 U.S. at 679 (explaining that "where the well-pleaded facts do permit the court to infer more than the mere possibility of misconduct . . . [the complaint] has not 'shown'—'that the pleader is entitled to relief'" (quoting Fed. R. Civ. P. 8(a)(2)); *Cochran*, 73 F.3d at 1317 (explaining that "[s]pecificity is necessary so that prison officials are not required to file unnecessary responses to speculative allegations"). Additionally, Monzon's allegations are nothing more than vague and conclusory allegations of inconvenience and delay.

Monzon states that he has a "right to legal photocopies in connection with his active conditions of confinement litigation under his First Amendment right to access the courts." (ECF No. 1 ¶ 14.) Monzon, however, only identifies one case, filed in the United States District Court for the District of Maryland, and states that he did not receive some unidentified legal copies. (*Id.* ¶ 13.)[3] Monzon has not alleged a nonfrivolous legal claim that Defendants' policy prevented him from litigating. *See Christopher*, 536 U.S. at 415. In sum, "Plaintiff's allegations that [at worst] he was delayed in filing some paperwork in an unidentified case insufficiently state a claim for denial of access to the courts." *Harrell*, 2008 WL 110473, at *2; *see Taylor v. Manis*, No. 7:20-cv-00121, 2021 WL 519903, at *4 (W.D. Va. Feb. 11, 2021) (explaining that a "lack of specificity

---

[3] In that pending action, Monzon contends that he was subject to a violation of his right to privacy and defamation, totally unrelated to any action about his conditions of confinement. *See Monzon v. Cullen*, No. 1:23CV1825–MJM (D. Md. filed July 5, 2023).

as to any resulting harm [to ongoing litigation in a specifically identified case] renders his claims subject to dismissal"), *aff'd* 2022 WL 4534270 (4th Cir. 2022).

Because Monzon fails to allege facts that would plausibly suggest that Defendants violated his constitutional rights, his claims are DISMISSED for failure to state a claim and as legally frivolous.

## IV. CONCLUSION

For the foregoing reasons, Monzon's claims, and the action, are DISMISSED for failure to state a claim and as legally frivolous. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 2 April 2024
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge

7